

RECEIVED
JUN 1  
CLERK, U.S. DISTRICT
WESTERN DISTRICT
BY_____
DEPUTY CL

FILED
AUSTIN DIVISION
2003 JUN 17 PM 2:51
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>and,<br><br>CESAR MEJIAS,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>WILLIAMSON COUNTY CABLEVISION COMPANY,<br>    Defendant. | §§§§§§§§§§§§§§§ Civil Action No. A02CA341SS |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor Cesar Mejias, and Defendant Williamson County Cablevision Company ("WCCC"). This Consent Decree resolves all issues, controversies, claims and/or causes of action asserted by and/or on behalf of the Plaintiff and Cesar Mejias in the above-referenced Civil Action No. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The EEOC's Complaint was filed to correct alleged unlawful employment practices on the basis of national origin and color and to provide appropriate relief to Cesar Mejias and similarly situated employees who were allegedly adversely affected by such practices. After, Cesar Mejias was granted leave to intervene, both the EEOC and Intervenor, Cesar Mejias, were allowed to file their respective Amended Complaints (hereafter collectively referred to as the "Complaints"). The Complaints alleged, in part, that WCCC engaged in discriminatory employment practices by subjecting Cesar Mejias

and similarly situated employees to a hostile work environment because of their national origin and color, and that as a result of the discriminatory employment practices and/or retaliation directed toward Cesar Mejias, his working conditions were made so intolerable that he was forced to resign.

The EEOC, Cesar Mejias, and WCCC wish to settle this action without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree. By entering into this Consent Decree, WCCC expressly denies the validity of any claim and/or cause of action asserted in the Complaints, and WCCC enters into this Consent Decree for the sole purpose of avoiding the expenses associated with this litigation. WCCC further asserts that by entering into this Consent Decree it makes no admission of liability or wrongdoing and makes no admission that its alleged conduct was improper, discriminatory or illegal in any respect.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of the action and the parties, and venue is proper. The Complaints state claims on behalf of Cesar Mejias, which, if proved, would authorize this Court to grant relief to Cesar Mejias pursuant to Title VII.

2. This Consent Decree resolves all issues and/or causes of action asserted by and/or on behalf of Cesar Mejias, as alleged in the EEOC's Amended Complaint and in Cesar Mejias' Amended Complaint in Intervention. The EEOC and Cesar Mejias waive further litigation of these issues, causes of action and/or claims as alleged in this Civil Action, and those claims raised in Cesar Mejias' charge of discrimination, Charge Number 360 A1 0629. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against WCCC.

600318.0000 AUSTIN 313963 v3

3. The duration of this Consent Decree shall be one (1) year from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of its provisions. Any established and substantive violation of the Consent Decree by WCCC, or its agents or assigns shall toll the running of this one-year period as of the date of the violation. If the Court subsequently determines this Consent Decree was violated, the one-year period shall recommence and continue from the date of entry of an Order setting out such a violation or until such time as ordered by the Court. Should the Court find this Consent Decree was not violated, the one-year period shall recommence, retroactive to the date of the filing of the pleading alleging that a violation had occurred.

4. If the EEOC believes that WCCC has violated any provision of this Consent Decree during the term hereof, it shall notify WCCC's legal counsel in writing of the alleged violation (the "Violation Notification"). The Violation Notification must be delivered to WCCC's legal counsel, James M. Gary, Akin, Gump, Strauss, Hauer & Feld, 300 West 6th Street, Suite 2100, Austin, Texas 78701, within 30 days after the EEOC becomes aware of a potential violation of the Consent Decree. The Violation Notification shall state the paragraph(s) and provision(s) of this Consent Decree alleged to have been violated and a statement of the facts and circumstances relied upon as the basis for the EEOC's claim of violation. WCCC will have 60 days from receipt of the Violation Notification to respond to the EEOC in writing regarding the alleged violation. If the parties cannot reach an agreement regarding the alleged violation, the EEOC may apply to the Court for enforcement of the provision(s) of this Consent Decree alleged to have been violated by WCCC and seek appropriate relief pursuant to Title VII.

5. Within seven (7) days of the latter of (a) the date of entry of this Decree, (b) the date of entry of an order by the United States Bankruptcy Court in the proceeding styled *In Re Cesar Mejias*, Case No. 02-12479-FRM, approving the settlement of this matter or (c) assuming no revocation, the date Cesar Mejias executes an agreement releasing and settling claims as to WCCC, WCCC, in settlement of this dispute, shall pay the sum of $99,000.00 (NINETY-NINE THOUSAND DOLLARS AND 00/100 DOLLARS) to Cesar Mejias and Pastrana Law Firm. Said settlement amount shall be delivered to counsel for Cesar Mejias at 812 San Antonio St., Suite G-20, Austin, Texas 78701. A copy of the settlement check and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

6. WCCC, its agents, officers, employees, and servants, in furnishing oral or written references concerning Cesar Mejias, to prospective employers, shall make no mention of the filing of the Complaints or the Charge of Discrimination filed by Cesar Mejias. This provision shall survive the expiration of the Decree. The provisions of this paragraph 6 shall only apply in the event WCCC is contacted by any person or entity for an employment reference regarding Cesar Mejias and such request for an employment reference is directed to: Director of Human Resources, Williamson County Cablevision Company, 3015 Loop 323 SE, Tyler, Texas 75701.

7. WCCC shall remove from the personnel file of Cesar Mejias all negative information contained therein concerning or pertaining to his employment with WCCC, including all reprimands, disciplinary recommendations and/or actions, and maintain these records in a separate and sealed file. Said information shall not, without court order, be made available or provided to any person or entity not directly affiliated with WCCC. This provision shall survive the expiration of the Decree.

600318.0000 AUSTIN 313963 v3

8. WCCC, its agents, officers, employees, servants, successors, and assigns, are enjoined, during the term of this Consent Decree, from discriminating against any employee on the basis of national origin and/or color, including but not limited to fostering and/or creating a hostile work environment in violation of Title VII. WCCC is also enjoined from engaging in retaliation in any manner against any past, present or future employees for opposing any employment practice made unlawful by Title VII, or for filing a discrimination charge, giving testimony or assistance, or participating in any manner in any investigation, proceeding, hearing or action involving a Title VII employment complaint.

9. WCCC, its agents, officers, employees, servants, successors, and assigns, shall provide its employees with a place of employment free of discrimination on the basis of national origin and/or color, and/or retaliation in violation of Title VII.

10. WCCC, its agents, officers, employees, servants, successors, and assigns, shall retain its practice of maintaining EEOC poster at WCCC's Georgetown, Texas, facility in an area where employees are likely to congregate. The poster shall remain posted for the duration of this Consent Decree.

11. The EEOC and WCCC shall have the right to ensure compliance with the terms of this Consent Decree.

12. The terms of this Consent Decree shall be binding upon the EEOC, Cesar Mejias, and WCCC and their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

13. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action. The parties agree that, pursuant to Section 706(k) of Title VII, 42 U.S.C. section 2000e-5(k), there is no "prevailing party" in this action or proceeding.

The Clerk shall furnish a copy hereof to each attorney of record.

SO ORDERED.

SIGNED this 17th day of June, 2003.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____
ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 076083


_____ with permission
JUDITH G. TAYLOR                    by Edward Juarez
Supervisory Trial Attorney
Texas State Bar No. 19708300


_____
EDWARD JUAREZ
Trial Attorney
Texas State Bar No. 24014498
EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Telecopier: (210) 281-7669
ATTORNEYS FOR PLAINTIFF


_____
JAMES M. GARY
Attorney at Law
Texas State Bar No. 24006722
AKIN, GUMP, STRAUSS, HAUER
   & FELD, L.L.P.
300 West 6th Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 499-6297
Telecopier: (512) 499-6290

ATTORNEYS FOR DEFENDANT
FOR WCCC

_____
RAUL SEVEN PASTRANA
Texas Bar No. 15560845

PASTRANA LAW FIRM
812 San Antonio St., Suite G-20
Austin, Texas 78701
Telephone: (512) 474-4487
Telecopier: (512) 322-9885

ATTORNEY FOR PLAINTIFF-INTERVENOR

600318.0000 AUSTIN 313963 v3